UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
WEINGRAM & ASSOCIATES, P.C.,      :    Honorable Madeline Cox Arleo
:    Civil Action No. 10-2362 (SDW)
    Plaintiff,                 :
:    **REPORT AND RECOMMENDATION**
v.                                :    **ORDER**
:
JOSEPH GRAYZEL, M.D.,             :
:
    Defendant/Counterclaimant, :
:
v.                                :
:
WEINGRAM & ASSOCIATES, P.C.;      :
EDWARD WEINGRAM, ESQ.; JOHN       :
DOE 1-20, (fictitious names for real parties),:
:
    Counterclaim Defendant,    :
_____:

    This matter comes before the Court upon its Order of November 16, 2012 wherein this Court ordered plaintiff Weingram & Associates, P.C. ("plaintiff" or "Weingram law firm") to show cause why this action should not be remanded, pursuant to Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-830 (2002), based on lack of subject matter jurisdiction; and upon the cross-motion of defendant/counterclaimant/third-party plaintiff[1] Joseph Grayzel, M.D. ("Dr. Grayzel") to remand the action back to state court. (Dkt. Entry 67-31).

---

[1] The parties dispute whether Dr. Grayzel filed a proper third-party complaint against attorney, Edward Weingram ("Weingram"), or rather improperly named him as a counterclaim defendant. Given the parties' disputed positions and the inadequate record before the Court, it is not clear whether Mr. Weingram was ever named as a third-party defendant. Yet, despite the incomplete record, it is evident that Mr. Weingram is not a plaintiff in this case, and thus, no counterclaims may be properly asserted against him. However, this ambiguity is of no moment as the Court recommends that the action be remanded for lack of subject matter jurisdiction because plaintiff and attorney Weingram improperly removed it, pursuant to 28 U.S.C. § 1441, based on the counterclaim and/or third-party claim.

District Judge Wigenton referred Dr. Grayzel's cross-motion to remand to me for Report and Recommendation.

This Court held oral argument on December 12, 2012, and the Court issued a ruling from the bench on that same date, recommending that the remand motion be granted. This written opinion supplements the Court's oral opinion and further sets forth the reasoning of the December 12, 2012 ruling on the record, pursuant to LOCAL CIVIL RULE 52.1, and discharges the Court's Order to Show Cause of November 16, 2012.

## I.  BACKGROUND

On March 17, 2010, the Weingram law firm filed this collection action against Dr. Grayzel in the Superior Court of New Jersey, Law Division, Bergen County. The Weingram law firm sought recovery of unpaid legal fees from Dr. Grayzel in connection with attorney Weingram's former representation of Dr. Grayzel. Attorney Weingram represented Dr. Grayzel in connection with the drafting and prosecuting of patents for Dr. Grayzel's invention.

On May 3, 2010, Dr. Grayzel filed an answer and asserted state law legal malpractice and breach of fiduciary duty counterclaims against the Weingram law firm based on attorney Weingram's professional negligence in drafting and obtaining the patents. In his counterclaim, Dr. Grayzel asserted claims for legal malpractice and professional negligence against attorney Weingram based on his allegedly negligent supervision of the draftsmanship, prosecution, and handling of the patents by other unidentified attorneys with whom Weingram was associated. (See Grayzel Ans. and Counterclaim at ¶¶ 7-8). According to Grayzel, Weingram and other attorneys deviated from accepted practice standards in their representation of Dr. Grayzel's interests concerning the draftsmanship and prosecution of the patents. (See id.)

Four days later, on May 7, 2010, the Weingram law firm and attorney Weingram removed the action pursuant to 28 U.S.C. § 1441(b). They assert that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1338, which grants the district courts with original jurisdiction of any civil action arising under any Act of Congress relating to patents. According to the removing parties', Dr. Grayzel's legal malpractice counterclaim, arises from Weingram's representation of Dr. Grayzel during the drafting and prosecution of the patents. Specifically, they assert that the alleged negligent drafting of the patent was allegedly discovered following federal patent litigation. (See Notice of Removal at ¶¶ 3-4). Thus, they contend that the district court has original jurisdiction over this action based on Dr. Grayzel's counterclaim that arises under federal patent law. (Id.)

On June 29, 2012, the Weingram law firm and attorney Weingram moved for summary judgment, which is pending before Judge Wigenton. On October 1, 2012, Dr. Grayzel opposed summary judgment and cross-moved to remand the action, arguing that during discovery it became clear that his counterclaims are, at best, tangentially related to patent law. Thus, according to Dr. Grayzel, the district court lacks subject matter jurisdiction over this action, and thus remand is appropriate.

Based on this Court's review of the moving papers as well as the underlying removal petition, this Court was concerned that this Court did not have subject matter jurisdiction consistent with the Supreme Court's guidance in Holmes. Thus, the Court issued the November 16, 2012 Order to Show Cause, directing both plaintiff's counsel and counsel for Dr. Grayzel to submit supplemental briefing on this issue.

**II.     ORDER TO SHOW CAUSE**

In response to the Court's order to show cause, plaintiff and Weingram state, for the first time, that they mistakenly removed the action based on Dr. Grayzel's counterclaim. Rather, they claim that they intended to remove based on Dr. Grayzel's third-party claim against Weingram. As such, they assert that the Supreme Court's holding in Holmes is inapplicable here. They contend that the federal third-party claim is a proper basis for removal because it is separate and independent from the underlying state law contract collections claim filed by plaintiff. Alternatively, they argue that Dr. Grayzel did not timely move for remand, which must be filed within thirty days of removal as required by 28 U.S.C. § 1447(c). According to plaintiff and Weingram, since Dr. Grayzel failed to move to remand until October 1, 2012 (more than two years after they removed the action), this Court cannot remand the action, and in any event, subject matter jurisdiction exists.

Dr. Grayzel counters that his counterclaims are grounded in state law (i.e., breach of contract, breach of fiduciary duty and professional liability), not federal patent law. And thus, he claims that consistent with Holmes, the counterclaims cannot serve as the basis for removal. He also asserts that based on Holmes, the court's jurisdiction is governed by the well-pleaded complaint rule, and thus only the claims asserted in the complaint can be the basis for removal.

As for his third-party claim against Weingram, Dr. Grayzel's counsel, during oral argument, clarified that he did not assert any third-party claim against attorney Weingram. Rather, he intended to include Weingram only as a counterclaim defendant. Yet, according to Dr. Grayzel, even assuming he did assert a third-party claim against Weingram, the Holmes' decision does not support removal based on a third-party claim when it is not separate and

independent from the underlying claim. Any third-party complaint merely adds Weingram, a party associated with the plaintiff law firm, based on the legal malpractice counterclaims. And thus, the third-party claim is not a separate and independent claim.

As discussed below, although this Court is concerned that Dr. Grayzel's attempt to name Weingram as a party in this case is procedurally flawed, Dr. Grayzel's mistake is of no consequence to this Court's finding that subject matter jurisdiction does not exist. Thus, remand is appropriate.

### III.  ANALYSIS

As a preliminary matter, this Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346 (3d Cir. 2003). As such, whether Dr. Grayzel moved to remand, let alone timely moved, is of no moment because the Court must be satisfied throughout the litigation that subject matter jurisdiction exists. As detailed below, if the Court determines that it does not, the action must be remanded. See 28 U.S.C. § 1447(c).

#### A. Legal Standard

A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441.

A party may seek to remand an action back to state court based on an alleged defect in the

removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Section 1447 sets forth the procedures for moving to remand. It provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.

28 U.S.C. § 1447(c) (Emphasis Added).

Defects in removal may be procedural or jurisdictional. Courts have considered a defect to be procedural in situations where there are challenges to the timeliness of removal and the rule of unanimity among defendants. See, e.g., Powell v. Def Express, Inc., 265 F App'x. 672, *1 (9th Cir. Jan. 31, 2008); Perkins v. Beltway Capital, LLC, 773 F. Sup.2d 553, 556-557 (E.D. Pa. Feb. 24, 2011). "The failure to move to remand [based on a procedural defect] results in a waiver of the objection." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003). Remand based on procedural defects after the statutorily set thirty-day time frame exceeds a court's authority. Ariel Land Owners, Inc., 351 F.3d at 613.

"A jurisdictional defect, on the other hand, may be raised at any time."[2] Id. (citing Ariel Land Owners, Inc., 351 F.3d at 613). A defect is deemed to be jurisdictional in nature "'only if the case could not initially have been filed in federal court.'" Id. (quoting Ariel Land Owners,

---

[2] In support of their position, plaintiff and attorney Weingram rely on the Third Circuit case of Roxbury Condominium Association, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224 (3d Cir. 2003). The Third Circuit's decision in Roxbury, however, does not warrant a different result. In Roxbury, the Third Circuit clearly acknowledged, under § 1447(c), that "[r]emand is warranted at any time before final judgment if the district court lacks subject matter jurisdiction. Id. at 227 (citing 28 U.S.C. § 1447(c)). The Court further noted that a remand motion based on a procedural defect must be made within the requisite thirty-day period. Id. at 227-28.

Inc., 351 F.3d at 614) (Internal Quotations Omitted).

This Court rejects the removing parties' assertion that Dr. Grayzel's remand motion is untimely and must be denied because he failed to so move within thirty days from the time of removal, pursuant to 28 U.S.C. § 1447(c). Since Dr. Grayzel challenges this Court's subject matter jurisdiction, his cross-motion to remand is based on a jurisdictional, rather than, a procedural defect. Thus, he is not limited to the thirty-day statutory requirement.

A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)). Thus, in opposing a motion to remand based on lack of subject matter jurisdiction, the removing parties, here the Weingram law firm and attorney Weingram, bear this burden. "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003).

B. **Federal Question Jurisdiction**

In opposing remand, plaintiff and Mr. Weingram maintain that they properly removed this action, pursuant to 28 U.S.C. § 1441(b), because this Court has original federal question jurisdiction of the case. Specifically, in the removal petition, they asserts that Dr. Grayzel's counterclaim pleads a federal cause of action arising from federal patent law and specifically pursuant to § 1338.

Yet, in response to the Order to Show Cause, the removing parties now seem to concede that removal cannot be based on a federal counterclaim consistent with Holmes. Rather, they contend that 28 U.S.C. §1441(c) serves as the basis for removal because Dr. Grayzel in fact asserts a federal third-party claim, which is "separate and independent" from plaintiff's non-removable main claims. Under either theory, this Court is satisfied that there is no subject matter jurisdiction.

    1.    *The "Well-Pleaded Complaint Rule"*

Here, plaintiff and Mr. Weingram's sole alleged basis of original jurisdiction is 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "It is not enough that a federal question is or may be raised as a defense. '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" U.S. Express Lines, Ltd., 281 F.3d at 389 (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)) (internal quotations omitted). Here, the Complaint alleges only breach of contract for unpaid legal bills. Pursuant to the well-pleaded complaint rule, this is therefore not a basis for federal jurisdiction.

    2.    *Counterclaim As The Basis For Removal*

In treating Dr. Grayzel's legal malpractice claim against attorney Weingram as a counterclaim, this Court finds that such a claim cannot serve the basis for removal. The seminal

8

Supreme Court case on this point is <u>Holmes</u> wherein the Supreme Court ruled that federal jurisdiction may not lie with a federal counterclaim. The Supreme Court rejected the respondent's argument that the "well-pleaded complaint" rule permits a counterclaim to serve as the basis for "arising under" federal patent law for purposes of 28 U.S.C. § 1338.[3] In analyzing the "well-pleaded complaint" rule, the Supreme Court concluded that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." <u>Id.</u> at 831 (internal citations omitted). Accordingly, assuming Dr. Grayzel properly asserted a federal counterclaim against attorney Weingram, such a counterclaim cannot serve the basis for removal. Remand, therefore, is recommended on this basis.

        3.    *Third-Party Claim As The Basis For Removal*

The Court next considers whether removal is proper assuming Dr. Grayzel's legal malpractice claim is a third-party claim against attorney Weingram. Neither the Supreme Court nor the Third Circuit have resolved this issue. However, in the context of a removal based on federal third-party claims, this Court has previously concluded that third-party defendants cannot remove an action based on the federal third-party claim. See <u>Moreira v. Peixoto</u>, No. 09-3297, 2009 WL 4609842, at *12-14 (D.N.J. Oct. 23, 2009) (granted remand motion based on third-party defendants' improper removal of action based on federal third-party claim). In so holding, this Court found persuasive the reasoning of a majority of courts both within and outside of this

---

[3] The Supreme Court noted that [s]ection 1338 uses the same operative language as 28 U.S.C. § 1331." <u>Holmes Group, Inc.</u>, 535 U.S. at 829. The Supreme Court also emphasized that "'[l]inguistic consistency' requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331." 535 U.S. at 830-31 (quoting <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 808 (1988)).

district that have held third-party defendants do not have the right to remove an action, pursuant to 28 U.S.C. § 1441, based on a federal third-party claim. See, e.g, First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 465 (6th Cir. 2002); Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991); Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F. Supp. 2d 385, 388-89 (D.N.J. 1999); Kaye Associates v. Bd. of Chosen Freeholders of Gloucester, 757 F. Supp. 486, 487-89 (D.N.J. 1991).

Additionally, in Palmer v. University of Medicine and Dentistry of New Jersey, 605 F. Supp. 2d 624 (D.N.J. 2009), then District Judge Greenaway held that a federal cross-claim may not serve as the basis for removal under § 1441. After considering the majority and minority views, Judge Greenaway adopted the majority view, which has "narrowly interpreted the text of § 1441, and thus, [has] [sic] concluded that third party complaints . . . cannot be the basis for removal." Palmer, 605 F. Supp.2d at 633.

Therefore, this Court finds that the Weingram law firm and attorney Weingram improperly removed the case under 28 U.S.C. § 1441 based on the purported third-party legal malpractice claim.

Alternatively, even if this court was to adopt the minority view (as urged by the Weingram law firm and attorney Weingram), this Court would still conclude that removal was improper.

A minority of courts both within and outside this district have broadly construed section 1441(c) to hold that a third-party defendant may remove an action based on a federal third-party claim asserted against it, so long as the claim is sufficiently "separate and independent" from the underlying original claims. See, e.g., Hackensack Uni. Med. Ctr. v. Orion Bus Indus., No. 06-

867, 2006 U.S. Dist. LEXIS 80497 (D.N.J. Nov. 3, 2006); Bank of N.Y. v. America's Wholesale Lender, No. 09-0710, 2009 U.S. Dist. LEXIS 115557 (D.N.J. Dec. 9, 2009).

In both Hackensack and Bank of N.Y., the district courts noted that a claim can be "separate and independent" from another only when it is not based on a "series of interlocked transactions." Hackensack, 2006 U.S. Dist. LEXIS 80497, at *13; Bank of N.Y., 2009 U.S. Dist. LEXIS 115557, at *18-19. Here, the Weingram the firm and attorney Weingram concede in their brief that Dr. Grayzel filed a third-party complaint against Weingram, pursuant to N.J. Court R. 4:8-1 "which permits a defendant to bring a third party complaint against a third party for purposes of asserting 'any claim which defendant has against the third-party defendant involving a common question of law or fact arising out of the same series of transactions as the plaintiff's claim." (Nov. 29, 2012 Ltr Bf at 2) (Emphasis Added).

Based on its review of the allegations and claims set forth in plaintiff's complaint and Dr. Grayzel's pleading entitled, "Counterclaim," this Court finds that the Weingram law firm's collection breach of contract affirmative claims against Dr. Grayzel and Dr. Grayzel's third-party legal malpractice/professional negligence claim against Weingram are based on an interlocking series of transactions, and thus are not separate and independent under section 1441(c).

The law firm's state law claims stem from Dr. Grayzel's alleged failure to pay for legal services rendered by attorney Weingram, during the drafting and prosecution of Dr. Grayzel's patents. In his counterclaim, Dr. Grayzel asserts legal malpractice and professional negligence based on Weingram's allegedly negligent supervision of the draftsmanship, prosecution, and handling of the patents by other unidentified attorneys with whom Weingram was associated. (See Grayzel Ans. and Counterclaim at ¶¶ 7-8).

As both the complaint and the counterclaim make clear, the basis of Dr. Grayzel's "third-party claim" against Weingram is inextricably connected to the basis for the law firm's affirmative breach of contract collection claims in the underlying complaint. Accordingly, the third-party legal malpractice claim is not separate and independent under the minority view. Therefore, on this alternative ground, the Court would still find removal was improper and recommend that remand be granted

## IV. CONCLUSION

Having considered the parties' submissions, having good cause, and for the reasons set forth above and on the record on December 12, 2012, this Court finds that the district court lacks subject matter jurisdiction of this civil action as no federal question is present under either 28 U.S.C. §§ 1331 or 1338. As such, the Court recommends that the cross- motion of Dr. Grayzel to remand the instant civil action to the Superior Court of New Jersey be **GRANTED**. The parties have fourteen (14) days from the date hereof to file objections.

Additionally, for the foregoing reasons, the Court's Order to Show Cause of November 16, 2012 is **DISCHARGED**.

**SO ORDERED.**

                                                        *s/Madeline Cox Arleo*
                                                       MADELINE COX ARLEO, U.S.M.J.

Date: December 20, 2012