NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEINGRAM & ASSOCIATES, P.C., | |
| Plaintiff, | Civil Action No. 10-2362 (SDW) |
| v. | |
| JOSEPH GRAYZEL, M.D., | **OPINION** |
| Defendant/Counterclaimant, | February 25, 2013 |
| v. | |
| WEINGRAM & ASSOCIATES, P.C., EDWARD WEINGRAM, ESQ., JOHN DOE 1-20 (fictitious names for real parties), | |
| Counterclaim Defendants. | |

**WIGENTON, District Judge.**

This matter comes before this Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Madeline Cox Arleo ("Magistrate Judge Arleo").

For the reasons set forth below, this Court finds the matter should be remanded and will adopt the R&R.

**PROCEDURAL HISTORY**

On March 17, 2010, plaintiff Weingram & Associates P.C. ("Plaintiff") filed suit against defendant Joseph Grayzel M.D. ("Defendant" or "Grayzel") in the Superior Court of New Jersey,

Law Division, Bergen County for collection of unpaid legal fees in connection with the drafting and prosecution of patents for Defendant's invention. (Compl.)  On May 3, 2010, Defendant filed an answer and "counterclaim" asserting legal malpractice and breach of fiduciary duty on the part of Plaintiff and Edward Weingram, Esq. ("Weingram" or "Third-Party Defendant") in drafting and obtaining the patents. (Grayzel Answer.)  On May 7, 2010, Plaintiff removed the action to this Court pursuant to 28 U.S.C. § 1441(a), asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). (Notice of Removal.)

On December 12, 2012, an Order to Show Cause hearing was held before Magistrate Judge Arleo.  On December 20, 2012, Magistrate Judge Arleo filed the instant R&R; however, the R&R was not served until December 28, 2012.  On January 14, 2013, Plaintiff and the Third-Party Defendant filed objections, which were supplemented on January 18, 2013.[1]  On January 18, 2013 and January 21, 2013, Defendant responded to the respective filings.

**LEGAL STANDARD**

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.N.J. Civ. R. 72.1(a); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986).  After being presented with a magistrate judge's report and recommendation in a dispositive matter, the district court must conduct a de novo review of the findings and issue an order as it sees fit.

**DISCUSSION**

Plaintiff and Weingram essentially argue the following: (1) Grayzel has a federal third-party

---

[1] On February 22, 2013, after this Court completed its review, these objections were withdrawn. (Dkt. No. 99.)

claim against Weingram and it is a proper basis for removal because it is separate and independent from the underlying state law contract collections claim;[2] and (2) Grayzel did not timely file a motion for remand within thirty (30) days of removal as required by 28 U.S.C. § 1447(c). In opposition, Grayzel asserts the following: (1) his counterclaims are grounded in state law, not federal patent law;[3] (2) counterclaims cannot serve as the basis for removal, and he did not assert any third-party claims against attorney Weingram; and (3) even a third-party claim does not support removal when it is not a separate and independent from the underlying claim (and it is not in this case).

Pursuant to U.S.C § 1338(a), the district court has original jurisdiction for acts of Congress relating to patents. If there is a proper basis, a claim brought in state court can be removed to district court pursuant to U.S.C. § 1441. An opposing party may move to remand a case to state court pursuant to U.S.C. § 1447. A motion to remand based on any defect other than a lack of subject matter jurisdiction must be made within thirty (30) days of removal. 28 U.S.C. § 1447(c). However, if it appears at any time that the court lacks subject matter jurisdiction, the case should be remanded. *Id.*; *Ariel Land Owners Inc. v. Dring,* 351 F.3d 611, 613 (3d Cir. 2003). Furthermore, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). The federal court must establish that it has subject matter jurisdiction prior to considering the merits of the case. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.,* 657 F.2d 29, 36 (3d Cir. 1981) (internal citations omitted).

---

[2] At the Order to Show Cause, Plaintiff and Weingram asserted, for the first time, that they mistakenly removed the action based on Grayzel's counterclaim, but intended to remove based on Grayzel's third-party claim against Weingram. (*See* Oct. 12, 2012 Order to Show Cause Tr.)

[3] Grayzel contends that he only intended to include attorney Weingram as a counterclaim defendant, and not assert third-party claims against him. While the attempt to name Weingram as a party may present some procedural issues, the Court's finding that it does not have subject matter jurisdiction would not be altered.

*Well Pleaded Complaint Rule*

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 gives district courts original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States. The "well pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Since § 1338 uses the same operative language as § 1331, the same test must be used to determine whether a case arises under § 1338. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535. U.S. 826, 829-830 (2002) (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808 (1988)). Therefore, whether a case "arises under" patent law must be determined from the plaintiff's statement of his own claim. *Id.* at 830 (citing *Christianson*, 486 U.S. at 809). Furthermore, the well-pleaded complaint rule applies not just to the court's original jurisdiction, but to its removal jurisdiction as well. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983).

*Counterclaim as a Basis for Federal Jurisdiction*

The Supreme Court in *Holmes* explained that a counterclaim appearing as part of the defendant's answer cannot serve as the basis for "arising under" jurisdiction. *Holmes*, 535. U.S. at 831; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Furthermore, pursuant to the removal statute, § 1441, "[a]ny civil action . . . may be removed by the defendant or the defendants." 28 U.S.C. 1441.

In *Holmes*, the Supreme Court held that federal jurisdiction cannot lie with a federal counterclaim as the basis. *Holmes,* 535 U.S. at 831. In the instant matter, if Grayzel's malpractice claim against attorney Weingram is considered as a counterclaim, it cannot serve as a basis for removal. During the Order to Show Cause hearing on December 12, 2012, it appears the removing

4

parties conceded this point. However, even if they had not, this Court finds that, consistent with *Holmes*, removal in this case cannot be based on a federal counterclaim. *Id.*

### Third-Party Claim as a Basis for Federal Jurisdiction

"[N]o uniform rule regarding a third-party defendant's right to remove exists among federal courts generally or in the Third Circuit." *Deutsche Bank Nat. Trust Co. v. Cothran,* 2012 WL 1965420 *3 (D.N.J. 2012) (citing *Hackensack Univ. Med. Ctr. v. Lagno,* No. 06-687, 2006 WL 3246582 *2 (D.N.J. 2006). In *Palmer v. University of Medicine and Dentistry of New Jersey*, the district court explained that the "overwhelming weight of authority" holds that a third-party defendant may not remove a case to federal court under § 1441. 605 F. Supp 2d. 624, 630 (D.N.J. 2009) (but noting, removal should only be allowed for claims that are, in the language of § 1441(c), 'separate and independent' from the main cause of action); *See e.g., First Nat'l Bank of Pulaski v. Curry*, 301 F. 3d 456, 465 (6th Cir. 2002); *Lewis v. Windsor Door Co.* 926 F.2d 729, 733 (8th Cir. 1991); *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 388-89 (D.N.J. 1999); *Kaye Associates v. Bd. of Chosen Freeholders of Gloucester*, 757 F. Supp. 486, 487-89 (D.N.J. 1991). Thus, a third-party complaint would not serve as the basis for removal under § 1441. *Moreira v. Peixoto*, 2009 WL 4609842 at *5 (D.N.J. 2009) (granting remand motion based on improper removal of action with federal third-party claim).

A minority of courts do hold that a third-party complaint can serve as the basis for federal jurisdiction. *See e.g., Hackensack Univ. Med. Ctr.,* 2006 WL 3246582 at *4-5; *Patient Care Inc. v. Freeman,* 755 F. Supp. 644, 650-52 (D.N.J. 1991). However, even these courts hold that the claim must be "separate and independent" from the original claims. *Hackensack*, 2006 WL 3246582 at *4. In defining "separate and independent," the district court in *Hackensack* stated that removal is

proper where the claim against the third-party defendant does not arise from the same interlocked series of transactions or alleged wrong to the plaintiff. *Id.* at *4.

In the instant matter, the third-party complaint arises from the same interlocking series of transactions as the complaint by Plaintiff. Defendant's claim is for legal malpractice regarding the drafting and prosecution of patents by Plaintiff, while Plaintiff's complaint is for unpaid legal fees arising from the same transaction. The two transactions are quite clearly interlocked and are not "separate and independent" under § 1441(c).[4] Thus, under both the majority and minority view, this Court concludes that removal was improper.

On January 18, 2013, Plaintiff and Third-Party Defendant supplemented their objections to the R&R. One of the cases relied upon in the objection is *Minton v. Gunn*, for which oral argument before the United States Supreme Court, was held on January 16, 2013. 355 S.W. 3d 634 (Tex. 2011) cert. granted, 80 U.S.L.W. 3547 (U.S. Oct. 5, 2012) (No. 11-1118). Plaintiff's counsel submitted the transcript of that oral argument. The *Minton* case primarily addresses whether a state law claim of malpractice related to a patent case must be brought in federal court based on jurisdiction "arising under" § 1338(a). In *Minton*, the Supreme Court ultimately decided that state courts can hear claims alleging legal malpractice for patent cases. *See Gunn v. Minton*, No. 11–1118, 2013 WL 610193 (U.S. Feb. 20, 2013) (holding "Section 1338(a) does not deprive the state courts of subject matter jurisdiction over Minton's malpractice claims" for the patent case). Similarly, in the instant matter, the state court would have jurisdiction to hear Grayzel's malpractice claims and

---

[4] The minority view is also partly based on certain policy considerations. "A third-party defendant has never voluntarily submitted itself to the jurisdiction of the state court . . . It is as much a defendant as if the case had originally been brought against it." *Patient Care Inc.*, 755 F. Supp. at 649 (citing *Ford Motor Credit Co. Inc. v. Aaron-Lincoln Mercury Inc.*, 563 F. Supp. 1108, 1113 (D.C. Ill. 1983)). In the instant matter, the Third-Party Defendant is the sole shareholder of Weingram & Associates P.C. (Reply Certification of Edward Weingram, Esq. ¶ 1) and plaintiff Weingram & Associates P.C. brought the initial action in state court.

removal was not proper.

**CONCLUSION**

For the reasons set forth above, this Court will remand this matter and adopt the R&R. The appropriate order will be filed with this Opinion.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:    Judge Arleo
       Parties